NOT FOR PUBLICATION                                                                CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., a South Dakota Corporation,<br><br>                    Plaintiff,<br><br>            v.<br><br>JJC CORPORATION, a Virginia Corporation, and RAJENDRA PATEL, an individual,<br><br>                    Defendants. | **OPINION**<br><br>Civ. No. 14-00961 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Super 8 Worldwide, Inc. ("SWI") moves under Fed. R. Civ. P. 55 for default judgment against Defendant Rajendra Patel. SWI filed this action on February 14, 2014, alleging that Defendants JJC Corporation ("JJC") and Patel breached a franchise agreement with SWI. SWI further alleges that Patel served as a guarantor of JJC's performance under the agreement, that JJC breached the agreement, and that Defendants owe SWI unpaid fees. SWI released JJC from the action after settlement. Defendant Patel has failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff SWI is a corporation organized and existing under the laws of South Dakota, with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant JJC Corporation is a corporation organized and existing under the laws of Virginia, with its principal place of business at 7940 Shore Drive, Norfolk, Virginia. *Id.* ¶ 2. Defendant

Rajendra Patel is a principal of JJC and a citizen of the state of Virginia, with an address at 7940 Shore Dirve, Norfolk, Virginia. *Id.* ¶ 3.

On or about March 16, 1999, SWI entered into a franchise agreement with JJC for the operation of a 74-room Super 8® guest lodging facility located at 7940 Shore Drive, Norfolk, Virginia, Site No. 03845-87722-02 (the "facility"). *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default as to Rajendra Patel ("Fenimore Aff.") ECF No. 14-3 ¶ 8. JJC assumed multiple obligations under the franchise agreement. Under section 5 of the license agreement, JJC was obligated to operate a Super 8® guest lodging facility for a twenty-year term. *See id.* Ex. A. Under section 7 and Schedule C of the franchise agreement, JJC was required to make certain periodic payments to SWI for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees (collectively, the "Recurring Fees"). *See id.* Ex. A § 7, Schedule C. JJC also agreed, under section 7.3 of the franchise agreement, that interest was payable "on any past due amount payable to [SWI] under this [Franchise] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3.

Under section 3.9 of the franchise agreement, JJC was required to disclose to SWI, among other things, the amount of gross room revenue earned by JJC at the facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to SWI. *Id.* Ex. A § 3.9. Also under that section, JJC agreed to maintain at the facility accurate financial information relating to the gross room revenue of the facility, including books, records, and accounts. *Id.* JJC agreed to allow SWI to examine, audit, and make copies of the entries in these books, records and accounts. *Id.*

Section 11.2 of the franchise agreement provided that SWI could terminate the franchise agreement, with notice to JJC, upon JJC's (a) failure to pay any amount due SWI under the franchise agreement, (b) failure to remedy any other default of its obligations or warranties under the franchise agreement within 30 days after receipt of written notice from SWI specifying one or more defaults under the franchise agreement, and/or (c) receipt of two or more notices of default under the franchise agreement, whether or not the defaults were cured. *Id*. Ex. A § 11.2. Under section 12.1 of the franchise agreement, JJC agreed that, in the event of a termination under Section 11.2, JJC it would pay liquidated damages to SWI in accordance with a formula specified in the agreement. *Id*. Ex. A § 12.1. JJC also agreed, under section 17.4 of the license agreement, that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." *Id*. Ex. A § 17.4.

Effective as of the date of the franchise agreement, Rajendra Patel provided SWI with a guaranty of JJC's obligations under the franchise agreement. *See id*. Ex. B, Guaranty. Under the terms of the guaranty, Patel agreed, among other things, that upon a default under the franchise agreement, he would "immediately make each payment and perform or cause [JJC] to perform, each unpaid or unperformed obligation of [JJC] under the [Franchise] Agreement." *Id*. Patel also agreed, under the terms of the guaranty, to pay the costs, including reasonable attorneys' fees, incurred by SWI in enforcing its rights or remedies under the guaranty or the franchise agreement. *Id*.

Beginning in 2012, JJC repeatedly failed to meet its financial obligations under the franchise agreement. Fenimore Aff. ¶ 15. By letter dated April 25, 2012, SWI advised JJC that (a) it was in breach of the franchise agreement because it owed SWI approximately $82,843.78 in

3

outstanding Recurring Fees, (b) it had 10 days with which to cure the monetary default, and (c) if the default was not cured, the franchise agreement might be subject to termination. *See id.* Ex. C. SWI sent follow-up letters to JJC containing the same information but with mounting Recurring Fees, informing JJC that it was in breach of the franchise agreement and owed approximately $93,023.61 in outstanding Recurring Fees by letter dated June 18, 2012, *see id.* Ex. D, that it owed approximately $110,532.24 in outstanding Recurring Fees by letter dated August 14, 2012, *see id.* Ex. E, and that it owed approximately $120,095.05 in outstanding Recurring Fees by letter dated November 20, 2012, *see id.* Ex. F. By letter dated December 31, 2012, SWI terminated the franchise agreement effective December 31, 2012 and advised JJC that it was required to pay SWI $148,000.00 in liquidated damages for premature termination and all outstanding Recurring Fees through the date of termination as required under the franchise agreement. *See id.* Ex. G.

On February 14, 2014, SWI filed a complaint in this matter seeking all liquated or actual damages and Recurring Fees due under the franchise agreement, together with interest, attorneys' fees, and costs of suit from JJC and Patel. ECF No. 1; Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default as to Rajendra Patel ("Couch Cert.") ¶ 3. SWI withdrew its complaint against JJC only under Federal Rule of Civil Procedure 41(a)(1)(A)(i) on August 6, 2015, and the action was dismissed against JJC without prejudice. ECF No. 13.

On February 7, 2014, SWI forwarded the summons and complaint to Recon Management Group to effectuate personal service upon Defendant Patel. Couch Cert. ¶ 4. The summons and complaint were served upon Patel on March 17, 2014. *Id.* ¶ 5; ECF No. 15. The time in which Defendant Patel had to answer or otherwise respond to the complaint expired, and he has not answered or otherwise moved. Couch Cert. ¶ 6. The Clerk of the Court entered default against Defendant Patel on April 16, 2014 for his failure to plead or otherwise defend this action. *Id.* ¶ 7.

By letter dated April 23, 2014, SWI served a copy of the default upon Defendant Patel. *Id.* Ex. A. DIW performed a search for Patel in the data banks of the Department of Defense Manpower Data Center to determine whether Patel was currently in the military service of the United States or its allied nations, and returned no records as of August 7, 2015. *Id.* ¶ 10. Couch Cert. Ex. B.

SWI moved for default judgment against Defendant Patel on August 10, 2015. ECF No. 14. SWI seeks Recurring Fees in the amount of $194,570.52 inclusive of interest (calculated at the rate of 1.5% per month under section 7.3 of the franchise agreement) against Patel. *See* Fenimore Aff. Ex. H. SWI also seeks liquidated damages in the amount of $148,000, calculated at a rate of $2,000 for each of the 74 guest rooms JJC was authorized to operate at the facility at the time of termination, as provided in Section 12.1 of the franchise agreement. *Id.* ¶¶ 26-28; *Id.* Ex. A § 12.1. SWI also seeks interest on the Recurring Fees in the amount of $69,413.49 (calculated at the rate of 1.5% per month between January 30, 2013, 30 days from the date of the termination of franchise agreement, and September 8, 2015, the return date of SWI's motion for default judgment). Fenimore Aff. ¶ 29. In total, SWI seeks the $411,984.01, inclusive of Recurring Fees, liquidated damages, attorneys' fees, and costs, allegedly due it as of September 8, 2015. Fenimore Aff. ¶ 30; *Id.* Ex. I (itemizing amounts allegedly owed).

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.

2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties entered into the franchise agreement and guaranty for the operation of a lodging facility. Defendants breached those contracts by failing to meet their financial obligations to SWI under the franchise agreement. Damages flowed therefrom because SWI performed services without being compensated for them. SWI performed its own contractual obligations under the license agreement because it performed the services promised. *See* Fenimore Aff. Ex. H (itemizing the services SWI performed, for which it charged JJC the recurring fees). SWI has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. SWI will suffer prejudice if default is denied because it has already waited over three years since the breach of the franchise agreement to be paid the recurring fees, attorney's fees and court costs to which it is entitled. Defendant Patel has not presented any facts or arguments to suggest has a litigable defense for Defendants' breaches of contract. It is not clear if his failure to litigate is the result of willful or bad faith conduct, though he has failed to retain counsel in the nearly twenty-month period since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II. The Amount of Damages Is Satisfactorily Established

SWI seeks damages that include the Recurring Fees ($194,570.52 including interest calculated at 1.5% per month under section 7.3 of the franchise agreement) and liquidated damages ($217,413.49 including interest calculated at 1.5% per month). The Court has reviewed SWI's submissions and finds that these amounts accurately represent the amount Defendant owes SWI under the license agreement and guaranty, inclusive of attorney's fees and costs. *See* Fenimore Aff. ¶¶ 21-30; *id.* Ex. A § 12.1 (providing calculation for liquidated damages); *id.* Ex. H (Itemized Statement of Recurring Fees); *id.* Ex. I (Itemized Statement of Amount Due). Judgment will be entered against Defendant Patel in the amount of $411,984.01.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendant Rajendra Patel in the amount of $411,984.01

DATE: 26 October 2015

William H. Walls
Senior United States District Court Judge